JOHN B. KIERAN, PLAINTIFF-RESPONDENT, v. GERALD EATON AND ANNIE EATON, DEFENDANTS-APPELLANTS.

Submitted December 10, 1923—Decided March 3, 1924.

Sale of Land—Time of Closing Extended From Time to Time Until One Side Notified the Other That It Could Not be Longer Prolonged—No Reply to Such Notification—Their Tender and Refusal.

On appeal from the First District Court of Newark.

Before Justices KALISCH and KATZENBACH.

For the defendants-appellants, *Joseph M. Degnan.*

For the plaintiff-respondent, *Milton M. Unger.*

PER CURIAM.

This is an appeal by the defendants below from a judgment of the First District Court of the City of Newark. On October 4th, 1922, John B. Kieran entered into an agreement in writing with Gerald Eaton and Annie Eaton for the purchase of a property in West Orange, N. J. The purchase price was $4,300. Fifty dollars was paid in cash at the time of signing the agreement and the balance of $4,250 was to be paid in cash at the time of closing title, which was to be sixty days from the date of the agreement.

On December 3d, 1922, Mr. Kieran, the purchaser, was not ready to close the title. On December 11th, 1922, Mr. Eaton wrote to Mr. Kieran asking him to let the writer know by return mail when he was going to close. He also stated in the letter that circumstances in connection with the sale were becoming annoying; that Mr. Kieran must not expect the writer to let the thing go indefinitely, and that there was a legal limit to the time. Mr. Kieran made no reply to this letter. He did not communicate with the proposed vendors or see them until some time between Christmas and New Years, when he called upon them and learned from them that they had concluded that they would not give him title to the property. Mr. Kieran called at the Eaton home on January 9th and January 13th, following. Mr. Eaton was not in on either occasion. He saw Mrs. Eaton. On the occasion of the last visit he took with him $4,250 in federal reserve notes, which he told Mrs. Eaton he had, and asked her if she had the deed for the property ready. Mrs. Eaton replied that he would have to see her husband. About thirty days afterwards Mr. Kieran requested Mr. Eaton for a deed to the property. On cross-examination Mr. Kieran

said Mr. Eaton had never made any agreement to extend the time for performance of the agreement. Mr. Kieran instituted suit to recover the $50 deposit, a bill of $103 received from his lawyer for searches and examining title and $15 for interest on a sum he was to borrow and secure by a mortgage upon the property. During the course of the trial a letter written by Mr. Kieran to a Mr. Ralph Giordano was admitted in evidence over objection. Mr. Eaton had sent, on November 26th, 1922, a letter to Mr. Kieran, stating he had mailed the deed for the property to Mr. Giordano. Mr. Giordano testified in the case. He said; he did not know whether he represented Mr. and Mrs. Eaton or not; that he did represent a party holding a mortgage upon the property and he supposed that was the reason the deed was sent to him.

Upon this evidence the court rendered the following decision: "I find that the defendants waived the performance of the contract in question, within the time limited by the contract, and that thereafter the defendant avoided plaintiff and had no desire to perform the contract on their part.

"Judgment for the plaintiff for $168."

Whether or not there was a waiver of the time fixed for closing the title was a question of fact. If there be any evidence to support this finding it will not be disturbed. *Williams* v. *M. T. C. Contracting Co.,* 74 *N. J. L.* 105; *Resky* v. *Meyer,* 119 *Atl. Rep.* 97. Our examination of the testimony, however, fails to reveal any evidence which will support this finding. Mr. Kieran testified that Mr. Eaton never made any agreement to extend the time. Mr. Kieran, notwithstanding the receipt of Mr. Eaton's letter of December 11th, stating there was a legal limit to his time, and that the writer could not be expected to let the matter go on indefinitely, did not attempt to see Mr. and Mrs. Eaton until the week between Christmas and New Years. They had then concluded not to sell their property. Mr. Kieran was not ready at the time fixed for performance. He did not put the defendants below in default at the time fixed

by the contract for closing title. Where a time is stipulated in a contract for its performance time is of its essence, unless a contrary intention appears from the face of the contract, or unless there is evidence of the waiver of the time fixed for its performance by the parties seeking rescission of the contract. *Pielsch* v. *Stirling Home Builders, Inc.*, 117 *Id.* 475. In the absence of evidence of a waiver of the time fixed for closing title by the Eatons we cannot see how Mr. Kieran, who was the one in default, can recover the $50 paid as a deposit or the expenses he incurred.

We are also of the opinion that there is no evidence to support the finding that Mr. and Mrs. Eaton avoided the plaintiff. The fact that Mr. Eaton was not at home on either the evenings of January 9th and 13th, when Mr. Kieran called, is no evidence that he was avoiding Mr. Kieran in the absence of an appointment to meet Mr. Kieran.

The appellants make the further point that the letter written by Mr. Kieran to Mr. Giordano, dated December 15th, 1922, should not have been admitted in evidence. It could only be admissible upon the theory that Mr. Giordano represented Mr. and Mrs. Eaton in the transaction and that the letter contained a notice of some matter relevant to the transaction. As Mr. Giordano testified that he did not know whether or not he represented the Eatons, no proper foundation for the admission of the letter had been laid. The letter was also a self-serving declaration by Mr. Kieran and contained hearsay matter. It should not have been admitted in evidence.

The judgment will be reversed and a *venire de novo* awarded.